UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEVIN LEE DIXIE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.: 1:12-CV-438-TLS |
| SHANNON VAN RYE and METROPOLITAN HUMAN RELATIONS COMMISSION, | ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

The Plaintiff, Kevin Lee Dixie, has submitted a *pro se* civil Complaint [ECF No. 1] and an Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2]. The Plaintiff has also filed three supplements to his Complaint [ECF Nos. 3, 4, & 5].

Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. But, pursuant to 28 U.S.C. § 1915(e)(2)(B), a court must *sua sponte* dismiss a case filed *in forma pauperis* at any time if it determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

To state a claim upon which relief may be granted, a complaint need only "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

A complaint should be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). *See also Flick v. Blevins*, 887 F.2d 778, 780 (7th Cir. 1989) (stating that an *in forma pauperis* claim should be dismissed as frivolous under § 1915(d) "where the petitioner can make no rational argument in law or facts to support his claim") (quotation marks omitted). A claim based on an "indisputably meritless legal theory" is frivolous. *Denton*, 504 U.S. at 32 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A claim is also frivolous when no reasonable person could suppose it to have any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress violations of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642, 646–47 (7th Cir. 2004). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The first inquiry in every § 1983 case is whether a state actor has deprived the plaintiff of a right secured by the Constitution or laws of the United States.

In this cause, the Plaintiff names as Defendants the Director of the Fort Wayne Metropolitan Human Relations Commission, and Human Relations Commission investigator Shannon Van Rye. The Plaintiff states that he filed a complaint with the Human Relations Commission, asserts that the "actions of Human Relations Commission staff wasn't professional

2

and they (sic) staff wouldn't keep or fulfill a written agreement." (Compl. 3, ECF No. 1.) The Plaintiff further alleges "negligence by Metropolitan Human Relations Commission" in the handling of his complaint, "and seek[s] 500,000 dollars compensation." (*Id.* 4.)

The Plaintiff attached a copy of his Human Relations Commission complaint to his § 1983 Complaint, which establishes that he filed his complaint of discrimination, number HU-0029-A13, with the Commission on October 24, 2012, alleging that an apartment complex in Fort Wayne "evicted [him] because of [his] sexual orientation, heterosexual, in violation of Fort Wayne General Ordinance G-33-92, as amended." (Human Relations Commission compl., ECF No. 1 at 10.) In the body of his § 1983 Complaint, the Plaintiff alleges that on December 6, 2012, he inquired into the status of this Human Relations Commission complaint but the Metropolitan Human Relations Commission "wouldn't give a[n] answer" concerning why it did not reply or investigate his complaint. (Compl. 2.)

The complaint to the Human Relations Commission was based on a "Fort Wayne General Ordinance G-33-92, as amended," rather than on Federal law, which does not cover discrimination based on sexual orientation. Accordingly, even if employees of the Fort Wayne Metropolitan Human Relations Commission mishandled his discrimination complaint, the Plaintiff's § 1983 Complaint states no claim for a violation of a federally secured right and, therefore, states no claim upon which relief can be granted pursuant to § 1983.

Moreover, the Plaintiff does not allege that either of the Defendants had any personal involvement in the alleged mishandling of his Human Relations Commission complaint. In his § 1983 Complaint, the Plaintiff specifically states that Defendant Van Rye was not assigned to investigate the complaint of discrimination, number HU-0029-A13, but that he had problems

3

with Van Rye in the past "on another housing complaint." (Compl. 2.) Nor does the Plaintiff allege that the Director of the Fort Wayne Metropolitan Human Relations Commission was personally involved in or responsible for mishandling his Human Relations Commission complaint.

Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury, *Benson v. Cady*, 761 F. 2d 335, 339 (7th Cir. 1985). "Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. It is true that the Director supervises the other members of the Human Relations Commission staff, but the doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *See Moore v. State of Ind.*, 999 F.2d 1125, 1129 (7th Cir. 1993) (stating that "a valid § 1983 claim for damages against a state supervisory official in his individual capacity requires a showing of direct responsibility for the improper action") (quotation marks omitted).

The Plaintiff's Complaint, which does not allege personal involvement by either Defendant, fails to state a claim upon which relief can be granted because it is implausible on its

face and because it does not suggest the reasonable inference that either Defendant is liable for the misconduct alleged.

Further, the Plaintiff's allegations against Defendant Van Rye are that:

> Shannon Van Rye investigator for Metropolitan Human Relations Commission said Hi, date of filing HU-0029-A13[.] Problem with this investigator past on another housing complaint but on new complaint she wasn't assigned to investigate but she was at Metropolitan Human Relations Commission outside of doorway to entrance saying hi.

(Compl. 2.)[1]

This claim against Defendant Van Rye is frivolous. It is inconceivable that any reasonable person could believe that this states a claim upon which relief can be granted. The Plaintiff has articulated no basis upon which Defendant Van Rye should pay him money because she said "hi" to him. This claim is frivolous and malicious.

This is not the first time that the Plaintiff has filed a meritless civil complaint. He has previously filed eight[2] other cases in this Court found to be meritless, six[3] meritless cases in the Southern District of Indiana, and one[4] meritless case in the Northern District of Ohio. He has

---

[1] This is not the only § 1983 complaint the Plaintiff has filed recently alleging that someone violated his federally protected rights by saying "hi" to him. *See Dixie v. MaMahan*, No. 1:13-CV-46-JTM, filed February 19, 2013, in which the Plaintiff alleged that an unidentified "front desk worker" at the Allen County Health Department violated his rights by, *inter alia*, saying "hi" to him on different occasions.

[2] *Doe v. Bowen Ctr.*, 1:08-CV-120-JTM; *Dixie v. Avery*, 1:09-CV-269-WCL; *Dixie v. Gerardot*, 1:11-CV-22-JTM; *Dixie v. Kay*, 1:11-CV-23-TLS; *Dixie v. U.S. Postal Serv.*, 1:12-CV-112-WCL; *Dixie v. Wells Fargo Bank of Ind. NA*, 1:12-CV-113-PPS; *Dixie v. Dupont Hosp.*, 1:12-CV-435-JTM; and *Dixie v. Fort Wayne Rescue Mission*, 1:12-CV-436-PPS.

[3] *Dixie v. Office of Medicaid Policy and Planning*, 1:08-cv-1399; *Dixie v. Postmaster*, 1:09-cv-0675; *Dixie v. Value Place Plainfield*, 1:09-cv-0877; *Dixie v. City of Anderson: Police Dep't*, 1:09-cv-1592; *Dixie v. Lincolnshire Apartments*, 1:10-cv-0036; and *Dixie v. Ind. Family and Social Servs. Admin.*, 1:10-cv-00350.

[4] *Dixie v. State of Ohio,* 1:08-cv-0450.

filed eleven other cases in this Court, two other cases in the Southern District of Indiana, two in the Western District of Tennessee, and a dozen appeals. He has never won a single case or appeal. The Plaintiff is an abusive litigator.

"Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). The United States Supreme Court has stated approvingly that "[f]ederal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 185 n.8 (1989) (quoting *In re Martin-Trigona*, 737 F. 2d 1254, 1261 (2d Cir. 1984)). Therefore, the Court cautions the Plaintiff that if he persists in filing meritless lawsuits he will be fined, sanctioned, and/or restricted.

For the foregoing reasons, the Court:

(1) DENIES the Plaintiff's Application to proceed *in forma pauperis* [ECF No. 2];

(2) DISMISSES this case pursuant to 28 U.S.C. § 1915(e)(2)(B); and

(3) CAUTIONS the Plaintiff, Kevin Lee Dixie, that if he files another meritless lawsuit he will be fined, sanctioned, and/or restricted.

SO ORDERED on February 27, 2013.

  s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT